IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM S. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-cv-08080 |
| | ) | |
| v. | ) | Assigned Judge: Hon. Manish S. Shah |
| | ) | |
| HOMETOWN NATIONAL BANK, | ) | Designated |
| | ) | Magistrate Judge: Hon. Young B. Kim |
| Defendant. | ) | |

## Answer to Complaint

Now comes the defendant, Hometown National Bank, by and through its attorneys, Herbolsheimer, Duncan, Eiten and Hintz, P.C., William P. Hintz of counsel, and for its answer to the Complaint at Law filed herein, states as follows:

### NATURE OF THE ACTION

1. Defendant admits the Plaintiff is seeking damages for violation of the Fair Credit Reporting Act, but denies there was a violation of the same.

### JURISDICTION AND VENUE

2. Defendant admits the court has subject matter jurisdiction of this matter.

3. Defendant admits the venue is proper.

### PARTIES

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

7. Defendant admits the allegations contained in Paragraph 7.

8. Defendant admits the allegations contained in Paragraph 8.

## FACTUAL ALLEGATIONS

9. Defendant admits the allegations contained in Paragraph 9.

10. Defendant admits the allegations contained in Paragraph 10.

11. Defendant admits the allegations contained in Paragraph 11.

12. Defendant admits the allegations contained in Paragraph 12.

13. Defendant admits the allegations contained in Paragraph 13.

14. Defendant admits the allegations contained in Paragraph 14.

15. Defendant admits the allegations contained in Paragraph 15.

16. Defendant neither admits nor denies the allegations contained in Paragraph 16, having insufficient knowledge upon which to base an admission or denial and, therefore, demands strict proof thereof.

17. Defendant neither admits nor denies the allegations contained in Paragraph 17, having insufficient knowledge upon which to base an admission or denial and, therefore, demands strict proof thereof.

18. Defendant admits that at one point in time, a balance was due to Hometown National Bank prior to the aforementioned foreclosure and denies continuing to report the same and denies any statutory violation.

19. Defendant admits that at one point in time, the monthly payment due to Hometown National Bank during the course of the mortgage was $843.67, but denies continuing to report the same and denies any statutory violation.

20. Defendant neither admits nor denies the allegations contained in Paragraph 20 of the Complaint. However, Defendant does admit there was a balance due at one point in

time to Hometown National Bank prior to entry of the foreclosure, but denies continuing to report the same and denies any statutory violation.

21. Defendant neither admits nor denies the allegations contained in Paragraph 21 as the Defendant is not in possession of evidentiary documentation upon which the Plaintiff basis his allegation and, therefore, demands strict proof thereof. However, Defendant is aware of at least one inquiry from the Plaintiff to Experian dated on or about June 6, 2018.

22. Defendant neither admits nor denies the allegations contained in Paragraph 22 as they have no documentary evidence of the same and, therefore, demands strict proof thereof. Further, defendant denies any inaccurate reporting or statutory violation.

23. Defendant received notice of Plaintiff's credit dispute directly from the Plaintiff. Defendant neither admits nor denies that they received notifications from Equifax, Experian and Trans Union, as they have no copies or verification of the same and demands strict proof thereof.

24. Defendant admits they sent Plaintiff written correspondence on or about June 26, 2018.

25. Defendant admits the letter contained the language contained in Paragraph 25 of the Complaint, but states the letter is not fully reproduced in the Complaint.

26. Defendant neither admits nor denies the allegations contained in Paragraph 26, having no knowledge of the same and demands strict proof thereof.

27. Defendant neither admits nor denies the allegations contained in Paragraph 27, having no knowledge of the same and demands strict proof thereof.

28. Defendant neither admits nor denies the allegations contained in Paragraph 28, having no knowledge of the same and demands strict proof thereof.

29. Defendant neither admits nor denies the allegations contained in Paragraph 29, having insufficient knowledge to base an admission or denial and, therefore, demands strict proof thereof.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31.

32. Defendant neither admits nor denies the allegations contained in Paragraph 32, having no knowledge of the same and, therefore, demands strict proof thereof.

33. Defendant neither admits nor denies the allegations contained in Paragraph 33 of the Complaint, having no evidence of the letter to which the Plaintiff refers and, therefore, demands strict proof thereof.

34. Defendant admits a letter was sent to Plaintiff on or about October 11, 2018.

35. Defendant admits the representations contained in Paragraph 35 are a partial representation of the language in the letter from October 11, 2018.

36. Defendant neither admits nor denies the allegations contained in Paragraph 36, having no knowledge of the same and, therefore, demands strict proof thereof.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

## DAMAGES

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant denies the allegations contained in Paragraph 41.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant denies the allegations contained in Paragraph 43.

44. Defendant denies the allegations contained in Paragraph 44.

45. Defendant denies the allegations contained in Paragraph 45.

## CLAIMS FOR RELIEF

### Count I:
### Hometown's violation(s) of 15 U.S.C. § 1681 *et seq.*

46. Defendant repeats and realleges its answers to Paragraph 1-45 as though fully set forth herein as and for its answer to Paragraph 46.

47. Defendant admits that credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.  Hometown's failure to conduct an investigation.**

48. Defendant admits the allegations contained in Paragraph 48 are a partial representation of the Fair Credit Reporting Act, but denies any violation thereof.

49. Defendant denies the allegations contained in Paragraph 49.

50. Defendant denies the allegations contained in Paragraph 50.

51. Defendant denies the allegations contained in Paragraph 51.

52. Defendant denies the allegations contained in Paragraph 52 and states affirmatively that it did comply with the statute.

53. Defendant denies the allegations contained in Paragraph 53.

54. Defendant denies the allegations contained in Paragraph 54.

55. Defendant admits the allegations contained in Paragraph 55 represent a repetition of a portion of the Fair Credit Reporting Act, but denies any violation thereof.

56. Defendant admits the allegations contained in Paragraph 56 represent a repetition of a portion of the Fair Credit Reporting Act, but denies any violation thereof.

60[sic]. Defendant denies the allegations contained in Paragraph 60 and denies that punitive damages are warranted.

WHEREFORE, the defendant, Hometown National Bank, requests that the lawsuit be dismissed and it be awarded its attorney's fees and costs pursuant to statute.

                                        Hometown National Bank,

                     /s/    *William P. Hintz*
                             One of Its Attorneys

William P. Hintz
Attorney at Law
ARDC No. 6185407
Herbolsheimer, Duncan,
  Eiten and Hintz, P.C.
654 First Street, Suite 400
LaSalle, IL 61301
Telephone: (815) 223-0111
Facsimile: (815) 223-5829
Email: whintz@hlhdr.com