# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM S. DAVIS,<br><br>    Plaintiff,<br><br>v.<br><br>HOMETOWN NATIONAL BANK and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendants. | Case No. 1:19-cv-08080<br><br>Honorable Manish S. Shah<br><br>Honorable Young B. Kim<br>Magistrate Judge |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, WILLIAM S. DAVIS, through undersigned counsel, complaining of Defendants, HOMETOWN NATIONAL BANK and EXPERIAN INFORMATION SOLUTIONS, INC., as follows:

## NATURE OF THE ACTION

1. This action seeks damages for Defendant's willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. WILLIAM S. DAVIS ("Plaintiff") is a natural person, who formerly resided at 2315 First Street, Peru, Illinois 61354 and now resides in Mena, Arkansas.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

6. Plaintiff is a "person" as defined by 15 U.S.C. § 1681a(b).

7. HOMETOWN NATIONAL BANK ("Hometown") is a national bank with its principal place of business in LaSalle, Illinois.

8. Hometown is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

9. EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

10. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

12. On December 23, 2005, Plaintiff executed a mortgage (the "Mortgage") in favor of LaSalle National Bank.

13. The Mortgage secured the purchase of Plaintiff's personal residence located at 2315 First Street, Peru, Illinois 61354 (the "Property").

14. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $84,500.00 (the "Loan").

15. On February 1, 2012, Plaintiff defaulted by failing to make monthly payments pursuant to the Loan.

16. On July 25, 2012, Hometown initiated mortgage foreclosure proceedings against the Property.

17. On May 16, 2013, the Circuit Court of LaSalle County entered a Judgment of Foreclosure.

18. On December 19, 2013, a judicial sale of the Property occurred and the state court entered an Order Approving Report of Sale and Distribution.

19. On or around June 6, 2018, Plaintiff purchased Experian CreditWorks™ in order to monitor his credit.

20. Upon ordering, Plaintiff received his 3-Bureau Credit Report.

21. Plaintiff discovered Hometown reporting Plaintiff's "Balance" as "$108,985 as of May 2018."

22. Plaintiff discovered Hometown reporting Plaintiff's "Monthly Payment" as "$843."

23. Plaintiff discovered Hometown reporting Plaintiff's "Status" as "Open. $60,899 past due as of May 2018."

24. On or around June 21, 2018, Plaintiff mailed a credit dispute letter to Equifax, Experian and Trans Union by United States Postal Service Certified Mail®.

25. Plaintiff's credit dispute letter articulated Plaintiff's concerns as well as requested that Equifax, Experian and Trans Union investigate Hometown's inaccurate reporting.

26. Equifax, Experian and Trans Union received and promptly notified Hometown of Plaintiff's credit dispute by sending an automated consumer dispute verification form ("ACDV").

27. On June 26, 2018, Hometown sent Plaintiff written correspondence (the "June 26, 2018 Letter").

28. The June 26, 2018 Letter stated, in part:

> Hometown National Bank has received your dispute of information provided to the credit bureaus related to your credit history. We have reviewed our records and determined that credit reporting is incorrect listing a current amount past due on your home mortgage account.
>
> We have corrected your reporting to reflect that your home located at 2315 First Street, Peru, Illinois 61354 was foreclosed by the bank in December 2013. This chance will remove all negative credit reporting beginning January 2014. The changes have been electronically submitted to the credit agencies.

29. Equifax deleted Hometown's trade line.

30. TransUnion deleted Hometown's trade line.

31. On July 6, 2018, Experian mailed Plaintiff dispute results.

32. Experian's dispute results stated, in part:

- Monthly payment – "Not reported"
- Recent balance – "$0 as of Jul 2018"
- Status – "Foreclosed."

33. Weeks later, Plaintiff surprisingly discovered Hometown reporting inaccurate information pertaining to Plaintiff's "Balance," "Monthly Payment and "Status" yet again.

34. Specifically, Plaintiff discovered Hometown reporting:

- Balance – "$110,209"
- Monthly payment – "$843"
- Status – "Open. Past due 180 days."

35. On or around September 12, 2018, Plaintiff once more mailed a credit dispute letter to Experian by United States Postal Service Certified Mail®.

36. Plaintiff's credit dispute letter articulated Plaintiff's concerns as well as requested that Experian investigate Hometown's inaccurate reporting.

37. On October 11, 2018, Hometown sent Plaintiff another written correspondence (the "October 11, 2018 Letter").

38. The October 11, 2018 Letter stated, in part:

Hometown National Bank has received multiple credit disputes regarding your credit history. I have addressed these disputes via the credit bureaus on June 26th, July 5th and September 26th 2018.

4

> We have corrected your reporting to reflect that your home located at 2315 First Street, Peru, Illinois 61354 was foreclosed by our bank on December 19, 2013. The home was sold and a final confirmation of sale was on that same date. These corrections have been transmitted via E-OSCAR which is the credit bureau reporting forum for banks to correct credit reporting errors.
>
> \*\*\*
>
> Your history with Hometown National Bank should reflect zero amounts owed or delinquent beginning January 2014.

39. On February 4, 2019, Plaintiff obtained his Experian Credit Report.

40. Plaintiff discovered that on December 31, 2018, Hometown reported Plaintiff's balance as "$111,860," monthly payment as "$843, payment status as "[p]ast due 180 days," and [p]ast due amount as "$66,475."

## DAMAGES

41. Undeniably, Defendants' inaccurate reporting of Plaintiff's Loan continues to portray an untruthful and damaging depiction of Plaintiff.

42. Defendants' continued inaccurate reporting of Plaintiff's Loan produced a materially misleading impression that Plaintiff continues to be obligated to Hometown.

43. Defendants' continued inaccurate reporting of Plaintiff's Loan has imposed distrust, distress as well as frustration on Plaintiff.

44. Defendants' continued inaccurate reporting has resulted in anxiety, expenditure of monies (in form of postage), expenditure of time, as well as mental anguish.

45. Defendants' continued inaccurate reporting has resulted in Plaintiff purchasing Experian CreditWorks™ Plus at $21.95/month to closely monitor his credit.

46. Furthermore, Defendants' continued inaccurate reporting has rendered Plaintiff helpless to regain control of his credit standing and creditworthiness.

47. As result of Defendants' continued inaccurate reporting, Plaintiff is unable to obtain financing, utility services, and the opportunity to better provide for his family.

48. Plaintiff has been forced to file this case to compel Defendants to report Plaintiff's Loan accurately.

## CLAIMS FOR RELIEF

### COUNT I:
### Hometown's violation(s) of 15 U.S.C. § 1681 *et seq.*

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

**A.  Hometown's failure to conduct an investigation**

51. 15 U.S.C. § 1681s-2(b)(1) provides

> "[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A) Conduct an investigation with respect to the disputed information;
>
> (B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);
>
> (C) Report the results of the investigation to the consumer reporting agency;
>
> (D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

6

      (E)    If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

          (i)    Modify that item of information;

          (ii)    Delete that item of information; or

          (iii)    Permanently block the reporting of that item of information.

52.    Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Hometown received Plaintiff's credit dispute letter from Equifax, Experian and Trans Union.

53.    Hometown violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

54.    Hometown violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by Equifax, Experian and Trans Union.

55.    Had Hometown conducted a reasonable investigation, Hometown would have discovered that Plaintiff's mortgage foreclosure proceedings were completed in December 2013; as result, Plaintiff did not owe Hometown $108,985, $110,209, $111,860 – *he owed nothing*; was not late; and did not have existing monthly payment obligations to Hometown; and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

56.    Hometown violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to Equifax, Experian and Trans Union.

57. Hometown violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

58. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

59. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

60. Hometown's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff is attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Hometown in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B. award any actual damages to Plaintiff as a result of Hometown's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F. award such other relief as this Court deems just and proper.

## COUNT II:
## Experian violation(s) of 15 U.S.C. § 1681 *et seq.*

61. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A. Experian's failure to follow reasonable procedures**

62. Section 1681e(b) requires credit reporting agencies such as Experian to maintain "reasonable" procedures to ensure "maximum possible accuracy" of consumer credit reports.

63. Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff.

64. Upon information and belief, on multiple and numerous occasions, Experian prepared patently inaccurate consumer reports concerning Plaintiff.

65. Upon information and belief, Experian furnished such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Plaintiff's creditworthiness.

### B. Experian's failure to conduct a reasonable investigation

66. Section 1681(a)(1)(A) requires a credit reporting agency to, upon notice of a dispute from an individual regarding the information in their credit report, conduct a "reasonable reinvestigation" to determine whether the disputed information is inaccurate, and either record the current status of the disputed information, or delete it from the consumer's file.

67. Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Experian received Plaintiff's dispute letter(s).

68. Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide adequate notification of the disputed information to Hometown before the expiration of the 5-business-day period beginning on the date on which Experian received Plaintiff's dispute letter(s).

69. Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider relevant information submitted by Plaintiff.

70. Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that line of information from Plaintiff's credit file, or modify Plaintiff's credit file, as appropriate, based on the results of the reinvestigation.

71. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2) such amount of punitive damages as the court may allow; and

(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

72. 15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1) any actual damages sustained by the consumer as a result of the failure; and

(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

73. Experian's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Plaintiff requests the following relief:

A. find Experian in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4) and 1681i(a)(5)(A)(i).

B. award any actual damages to Plaintiff as a result of Experian's violation;

C. award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D. award any punitive damages, as the Court may allow;

E. award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

11

F.	award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

DATED: February 10, 2020						Respectfully submitted,

**WILLIAM S. DAVIS**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
Victor T. Metroff
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com
vmetroff@sulaimanlaw.com

12